## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-758-WYD-MJW

CORY HYNES AND KYLER LIVINGSTON,

      Plaintiffs.

v.

KIEL PETKOFF, SHANE MUSGRAVE, JOHN DOES 1-10, and CITY OF STEAMBOAT SPRINGS, COLORADO;

      Defendants.

---

## STIPULATION AND PROTECTIVE ORDER ( Docket Pa 24-1)

      Each Party and each Counsel of Record stipulate and move the Court for a Protective Order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefore, state as follows:

      1. In this action, at least one of the Parties will produce, or has sought and/or may seek, Confidential Information as defined in paragraph 2 below. The Parties also anticipate seeking additional Confidential Information during discovery and anticipate there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business, security, safety, or privacy interests. The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information, except as set forth herein.

2.    "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom – not made available to the public – and designated by one of the Parties in the manner provided in paragraph 3 below as containing Confidential Information, including, but not limited to:

a.    Individual Defendants' personnel documents; and

b.    Documents disclosed pursuant to a protective order in Civil Action 1:14-cv-02963-RM-NYW filed in the United States District Court for the District of Colorado, Civil Action 1:13-cv-00747-WWYD-KMT filed in the United States District Court for the District of Colorado, and Civil Action 1:14-cv-01124-RPM filed in the United States District Court for the District of Colorado.

3.    Where Confidential Information is produced, provided, or otherwise disclosed by the Parties in response to any discovery request, it will be designated in the following manner:

a.    By imprinting the word "Confidential" on the first page or cover of any document produced;

b.    By imprinting the word "Confidential" next to or above any response to a discovery request;

c.    With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than thirty (30) calendar days after receipt of the transcribed testimony; and

d.    With respect to live testimony, by making a record at the time of the testimony.

2

4.     Confidential Material is subject to the following restrictions.  Confidential Material may be used only for the limited purpose of preparing for and conducting this civil action, including any appeals, and must not be disclosed in any way to anyone except:

a.     attorneys actively working on this case;

b.     persons regularly employed or associated with the attorneys actively working on the case;

c.     the Parties, including Defendants' designated representatives and insurers;

d.     stenographic reporters who are engaged in proceedings in this action;

e.     the Court and its employees ("Court Personnel");

f.     retained expert witnesses and consultants;

g.     deponents, witnesses, or potential witnesses; and

h.     other persons by written agreement of the parties.

For any disclosures to a person identified under Paragraph 4(f) through (h), prior to disclosing any Confidential Information, counsel shall provide such person with a copy of this Protective Order and obtain verbal or written agreement from such person that he or she will be bound by its provisions.

5.     Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.  The Parties recognize that the available sanctions for the violation of the protective order include, but are not limited to, the sanctions available under Fed.R.Civ.P. 37(b)(2)(A).

6.     By producing any Confidential Information or testifying on any matter later designated as "Confidential," no Party to this protective order waives any objection or challenge to the admissibility of any such Confidential Information.

7.     Each party shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients on Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

8.     Upon a showing of substantial need, each party has the right to seek court intervention, including in camera review, to determine whether the terms of the Protective Order are being complied with.

9.     No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation for work product purposes, including for review by experts in this case. Any such copies shall be made and used solely for purposes of this litigation.

10.     During pendency of this litigation, counsel shall retain custody of Confidential Information and copies made therefrom pursuant to paragraph 9 above.

11.     A Party may object to the designation of particular Confidential Information by giving written notice to the attorney for the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the attorney for the party designating the information as confidential to file an appropriate motion requesting the Court determine whether the disputed information should be

4

subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

12.     In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in accordance with the requirements of D.C.COLO.LCivR 7.2.

13.     By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

14.     The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order, even after this action is terminated.

15.     When this litigation has been fully decided, including completion of all possible appellate procedures, such protected material shall be destroyed or preserved by counsel in a

manner which is fully consistent with the spirit of the protective order. At the end of litigation, counsel will not be required to return the material.

16.     Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

17.     The Parties agree that in the event information or documentation is inadvertently disclosed to an opposing party, any information or documentation so disclosed shall be immediately returned to the producing party without any copies being made or notes being taken regarding said information/documentation by those who have received the inadvertent disclosure. Further, the parties agree that no recipient of inadvertently disclosed information or documentation shall utilize such information/documentation or any fruits derived therefrom for the purposes of this litigation and that the inadvertent disclosure of information or documentation shall not constitute a waiver of any privilege that may otherwise apply.

DATED this _____ 6ᵗʰ _____ day of _____ July _____, 2015.

BY THE COURT:

_____

Michael J. Watanabe, United States
Magistrate Judge

6

**STIPULATED AND AGREED TO:**

**OLIPHANT & BURSEK, LLC**                        **SENTER GOLDFARB & RICE, L.L.C.**

s/ Grant Bursek                                  s/ Eric M. Ziporin

Grant Bursek                                     Eric M. Ziporin

PO Box 774343                                    Jennifer F. Kemp

Steamboat Springs, Colorado 80477                3900 E. Mexico Ave, Suite 700

Telephone:  (970) 870-1900                       Denver, Colorado 80210

FAX:  (970) 870-9800                             Telephone:  (303) 320-0509

E-mail:  grant@oliphant.com                      Facsimile:  (303) 320-0210

*On behalf of Plaintiffs*                        e-mail:  eziporin@sgrllc.com

                                                  jkemp@sgrllc.com

         *On behalf of Defendants Musgrave and City*

## AFFIDAVIT

I, _____ , swear or affirm and states under penalty of perjury:

      1.    I have read the Protective Order in _____, a copy of which is attached to this Affidavit.

      2.    I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

      3.    I promise that I have not and will not divulge or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

      4.    For the purpose of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

      5.    I will abide by the terms of the Protective Order.

_____
(Signature)

_____
(Print or Type Name)

Address: _____

_____

Telephone No.: (_____) _____

STATE OF           )
                    )ss
COUNTY OF      )

The foregoing instrument was subscribed and affirmed, or sworn before me in the County of _____, State of _____, this _____day of _____, 2015.

My Commission Expires: _____

_____
Notary Public/Deputy Clerk

_____
Signature of Attorney