IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  15-cv-00758-WYD-MJW

CORY HYNES and
KYLER LIVINGSTON,

Plaintiffs,

v.

KIEL PETKOFF,
SHANE MUSGRAVE,
JOHN DOES 1-10, and
CITY OF STEAMBOAT SPRINGS, COLORADO;

Defendants.

---

MINUTE ORDER

---

Entered by Magistrate Judge Michael J. Watanabe

It is hereby **ORDERED** that Plaintiffs' Motion to Compel the Parties to Attend to an Alternative Dispute Resolution Proceeding (docket no. 48) is **DENIED WITHOUT PREJUDICE** for the following reasons.

Plaintiffs argue in the subject motion (docket no. 48) the following:  ***"Plaintiffs have a good faith belief this case can be resolved before trial if the parties are required to attend an alternative dispute resolution proceeding."***  See ¶ 3 in the subject motion (docket no. 48).  Moreover, in support of ¶ 3, Plaintiffs argue that other cases, namely,  *Ferrugia v. City of Steamboat Springs*, et al., 13-cv-00747-WYD-KMT, and *Weaver v. City of Steamboat Springs*, et al., 14-cv-02963-RM-NYW, were both settled through mediation by mediator and former Chief Judge Nottingham.  Plaintiffs argue that such claims in the above two cases are similar to the claims brought in the case at bar.  Further, Plaintiffs argue that Judge Nottingham is familiar with the legal issues involved in the case at bar which are similar to those legal issues brought in the above two cases.

Defendants are not necessarily opposed to a mediation before mediator and former Chief Judge Nottingham, but Defendants have asked Plaintiffs for a firm demand so that Defendants can better evaluate whether a mediation would be useful. However, Plaintiffs have not provided Defendants with a firm demand.  In addition, Defendants need to evaluate Plaintiffs' recently-provided responses to written discovery before they can better evaluate whether a mediation at this stage of the proceedings would be fruitful.  See ¶¶ 2, 5, and 6 in Defendants' Response (docket no. 50).  Here, this court concludes, based upon the submissions by the parties, that an early neutral evaluation or a mediation with mediator and former Chief Judge Nottingham would not be productive at this stage of the proceeding.  See Oklahoma City Water Utilities Trust v.

<u>Systems & Software, Inc.</u>, No. Civ-07-259-F, 2007 WL 2729369, at *2 (W.D. Okla. Sept. 19, 2007).  Accordingly, the subject motion should be denied without prejudice.

If, at a later day, all parties feel that a mediation would be helpful in resolving  this case, the parties are free to engage a mediator of their choice.  It should be noted that nothing prevents the parties from settling this case at any time with or without the assistance of a mediator.

Date: October 6, 2015