IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  15-cv-00758-WYD-MJW

CORY HYNES and
KYLER LIVINGSTON,

Plaintiffs,

v.

KIEL PETKOFF,
SHANE MUSGRAVE,
JOHN DOES 1-10, and
CITY OF STEAMBOAT SPRINGS, COLORADO;

Defendants.

## ORDER

Entered by Magistrate Judge Michael J. Watanabe

This matter is before the Court on Defendants' Motion for Protective Order (Docket No. 54).  The motion was referred to the undersigned by District Judge Wiley Y. Daniel (Docket No. 55).  The Court has reviewed the motion, the response (Docket No. 56), and the reply (Docket No. 59).  At this time, the Court grants the motion in part and holds the remainder in abeyance.

## Background

This lawsuit involves Fourth Amendment claims of unreasonable seizure and excessive force against the City of Steamboat Springs and certain police officers employed by the City of Steamboat Springs.  (Docket No. 5 at 1-2.)  Plaintiffs bring municipal liability claims against the City of Steamboat Springs alleging that the city had customs or policies that led to the constitutional violations.  (Id. ¶¶ 140-95.)  Plaintiff also alleges that the city did not sufficiently train its employees regarding the appropriate

amount of force to use.  (*Id.* ¶¶ 170-71.)

As described in the motion, the City of Steamboat Springs hired an independent investigator, Kathy Nuanes, to conduct an internal investigation in the spring of 2015. (Docket No. 54 at 2).  This investigation was "[p]rompted by media attention given to the open letter of former Detective David Kleiber, who alleged several incidents of misconduct by City of Steamboat Springs management and police department leadership . . . ." (*Id.*)  The investigation resulted in six reports covering various issues. (*Id.* at 3.)  "Report 1 pertained to the allegations of mismanagement of the Police Pension Plan" and was released to the public.  (*Id.*)  "The remaining five reports involve personnel issues and, according to the Nuanes Investigation summary, are not to be shared until authorized by either the City or the subjects of the complaint." (*Id.*)  A redacted version of Report 2 was publicly released.  (*Id.*)  Plaintiffs have propounded discovery requests that seek the reports produced by Nuanes and also have included a topic on their Fed. R. Civ. P. 30(b)(6) deposition notice that relates to the Nuanes investigation.  (*Id.* at 3-5.)  Plaintiff are also seeking to depose Ms. Nuanes.

As a result, in the motion Defendants seek "a protective order with respect to the reports 3, 5, and 6,[1] questioning related to the Nuanes Investigation during the Rule 30(b)(6) deposition, and the deposition of Ms. Nuanes." (*Id.* at 5.)  Defendants argue that

> [t]he information in the reports, and related deposition questioning is not relevant to Plaintiffs['] claims and the production of the investigation is unduly burdensome. The release of these reports—even under the

---

[1] Defendants note that Plaintiffs have agreed that Report 4 is not relevant. (Docket No. 54 at 1.)

>protective order currently entered in this case—would compromise the privacy interests of the subjects of the investigation and would hinder all future investigations by deterring officers from providing full and frank discussion to any future investigator.

(*Id.*) Defendants request that the Court conduct an *in camera* review of the documents related to the Nuanes investigation and determine which, if any, of the documents and topics should be disclosed. (*Id.* at 8.) Defendants note that a similar approach was taken in *Weaver v. City of Steamboat Springs*, 14-cv-02963-RM-NYW. (*Id.*) Plaintiff argues that the letters that led to the Nuanes investigation reference excessive force and that, therefore, the investigation must have investigated the customs and policies of the Steamboat Springs police force. (Docket No. 56 at 2-3.) Plaintiffs further argue that the discovery requests are relevant and not unduly burdensome. (*Id.* at 6-10.) Plaintiffs also maintain that the Stipulation and Protective Order (Docket No. 29) entered on July 6, 2015, protects against public dissemination of the requested information. (Docket No. 56 at 14). With regard to Defendants' request for an *in camera* review, Plaintiffs simply state that their reading of the case cited by Defendants does not require *in camera* review when requested by a party. (*Id.* at 12.)

### Analysis

The scope of evidence that is subject to discovery under the federal rules is broad:

>Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The party objecting to discovery must establish that the requested discovery does not fall under the scope of relevance as defined in Rule 26(b)(1). *Simpson v. University of Colo.*, 220 F.R.D. 354, 359 (D. Colo. 2004). However, in this case, Defendants cannot offer more than general statements about the scope of the material they seek to withhold from discovery. This is due, in part, to the nature of the information contained in the documents at issue and the results of the investigation itself. This is the type of case that lends itself to *in camera* review. *See, e.g., BPS v. Bd. of Trustees of Colo. Sch. For the Deaf & Blind*, No. 12-cv-02664-RM-KLM, 2014 WL 3742938, at *2 (D. Colo. July 29, 2014). The Court notes that the case cited by Defendants in support of their argument for *in camera* review, *Exum v. U.S. Olympic Comm.*, 209 F.R.D 201, 206 (D. Colo. 2002) involved, not a protective order against disclosure to the opposing party, but a protective order to keep the opposing party from disseminating the documents to third parties. That is a different issue and, as noted by Plaintiffs, the Stipulation and Protective Order (Docket No. 29) was entered in this case to allow the parties to designate certain disclosed information as confidential. However, the Court agrees with Defendants that the approach taken by Magistrate Judge Wong in *Weaver v. City of Steamboat Springs*, 14-cv-02963-RM-NYW, which involved discovery requests regarding the Nuanes investigation is appropriate and the Court will conduct an *in camera* review of the disputed documents before ruling on the request for a protective order.

Plaintiffs do not respond to Defendants' statement that Defendants have already produced Report 1 and a redacted version of Report 2, and that Plaintiffs agree that

Report 4 is not relevant. (Docket No. 54 at 1, 5.) As a result, the Court will order Plaintiff to file a Notice on the docket informing the Court whether there is any dispute as to Reports 1, 2, and 4. The Court will also set a deadline for Defendants to submit any disputed Reports to the Court for *in camera* review. If Plaintiffs' Notice states that they do not dispute the production of specific Reports, Defendants may omit those Reports from their submission of documents to the Court.

## Conclusion

Based on the foregoing,

It is hereby **ORDERED** that the portion of the Motion for Protective Order (Docket No. 54) requesting *in camera* review of the disputed documents is **GRANTED**.

It is further **ORDERED** as follows:

- On or before April 13, 2016, Plaintiffs shall file a Notice on the docket informing the Court whether there is any dispute as to the production of Reports 1, 2, or 4.

- On or before April 18, 2016, Defendants shall submit any disputed Reports to the Court in hard copy for *in camera* review.

The remainder of the Motion for Protective Order is **HELD IN ABEYANCE** pending the Court's review of the parties' submissions.

Date: April 8, 2016        s/ Michael J. Watanabe
      Denver, Colorado     Michael J. Watanabe
                           United States Magistrate Judge