IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  15-cv-00758-WYD-MJW

CORY HYNES and
KYLER LIVINGSTON,

Plaintiffs,

v.

KIEL PETKOFF,
SHANE MUSGRAVE,
JOHN DOES 1-10, and
CITY OF STEAMBOAT SPRINGS, COLORADO;

Defendants.

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

      This matter is before the Court on Plaintiffs' Motion for Leave to File Second Amended Complaint (Docket No. 62) (the "Motion to Amend") and Plaintiff's Motion to Amend Scheduling Order to Extend Dispositive Motion Deadline (Docket No. 64) (the "Scheduling Order Motion").

      The Motion to Amend does not attach the exhibit required by D.C.COLO.LCivR 10.1(b).  Rule 10.1(b) requires a party seeking to file an amended complaint to include as an exhibit: "a copy of the proposed amended pleading which strikes through . . . the text to be deleted and underlines . . . the text to be added."  In this case, Plaintiffs' First Amended Complaint (Docket No. 5) brings fourteen claims for relief, while the proposed Second Amended Complaint (Docket No. 62-1) brings ten claims for relief.  The Court requires the submission of an exhibit reflecting the changes so it is clear to the parties and the Court what changes a party is seeking to make.  In addition, D.C.COLO.LCivR 7.1(d) requires "a motion involving a contested issue of law [to] state under which rule or statute it is filed and be supported by a recitation of legal authority in the motion."  While the Motion to Amend does provide a standard, the "Analysis" section of the Motion to Amend does not cite to a single source of authority for the requested relief.  As the parties are aware, the Court cannot supply authority to support Plaintiffs' positions.  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("[D]istrict courts . . . have a limited and neutral role in the adversarial process, and [ought to be] wary of becoming advocates who comb the record . . . and make a party's case for it.").  Instead, it is each party's burden to provide support for their arguments, which is made clear in Rule 7.1(d).

Similarly, the Scheduling Order Motion does not cite to a rule, statute, or any other legal authority.  The failure to even provide the standard for the requested relief is unacceptable and is in violation of D.C.COLOLCivR 7.1(d) as explained above.

For these reasons, it is hereby **ORDERED** that the Motion to Amend (Docket No. 62) and the Scheduling Order Motion (Docket No. 64) are **DENIED without prejudice**.

Date: April 11, 2016